J-A06035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| VERONICA J. JOYNER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| THOMAS JEFFERSON UNIVERSITY | : | |
| HOSPITALS, INC., JEFFERSON | : | |
| UNIVERSITY PHYSICIANS, KAREN A. | : | No. 534 EDA 2024 |
| CHOJNACKI, M.D., AND ELIA S. ELIA, | : | |
| M.D. | : | |
| | : | |
| | : | |
| Appellants | : | |

Appeal from the Order Entered January 31, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 190400547

BEFORE: PANELLA, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED MARCH 26, 2025**

Defendants/Appellants, Thomas Jefferson University Hospitals, Inc.,

Jefferson University Physicians, Karen A. Chojnacki, M.D., and Elia S. Elia,

M.D., appeal from the order entered in the Court of Common Pleas of

Philadelphia County on January 31, 2024, which granted in part the post-trial

motion of Plaintiff/Appellee, Veronica J. Joyner. After a careful review, we

reverse.

The relevant facts as previously stated by this Court are as follows:

On April 3, 2019, Joyner filed a writ of summons against Thomas
Jefferson University Hospitals, Inc., Jefferson University
Physicians, Karen A. Chojnacki, M.D. and Elia S. Elia, M.D. [] On

_____

[*] Former Justice specially assigned to the Superior Court.

June 14, 2019, she filed a *pro se* complaint and two properly filed amended complaints thereafter. She alleges the negligent placement of leg restraints during gall bladder surgery performed by Drs. Chojnacki and Elia resulted in nerve damage, causing pain and foot drop. (*See* Second Amended Complaint, 12/03/19, at Paragraphs 43-46).

***Joyner v. Thomas Jefferson Univ. Hosps., Inc.***, 248 A.3d 496 at *1-2 (Pa. Super. 2021) (***Joyner I***).[1]

Because Appellee's complaint alleged that her physicians deviated from the professional standard of care, she was required pursuant to Pa.R.C.P. 1042.3 to file a certificate of merit from an appropriate licensed professional. She made several attempts to file a certificate of merit, each struck down as invalid for noncompliance with Rule 1042.10. ***Joyner I*** at *2-4. On January 2, 2020, the trial court granted her an extension of time to file the certificate, but imposed a deadline of December 24, 2019, a date which had already passed. ***Id.*** at *4. The following day, Appellants filed a *praecipe* for judgment of *non pros* and the Office of Judicial Records entered judgment. ***Id***.

After several more filings, Appellee filed a motion for reconsideration because she was deprived of the additional time granted to file her certificate of merit. ***See*** Motion, 3/16/20, at 5. The motion was denied by the trial court, and she appealed to this Court, which decided ***Joyner I,*** 248 A.3d 496, and issued a memorandum.

_____

[1] ***See Joyner I*** discussion on page 3, *infra*.

- 2 -

In our memorandum, we first determined that while Appellee's petition was untimely filed, "it was utterly impossible for her to file a certificate of merit that complied with the trial court's extended deadline where the date had already passed by the time the order was filed." *Id.* at *6. Next, we determined that the report written by the neurosurgeon who Appellee retained as an expert, Dr. Oppenheimer, satisfied the requirements to be a valid certificate of merit. We found that Dr. Oppenheimer was an "appropriate licensed professional" under Pa.R.C.P. 1042.3(e) based on his training, experience, and knowledge in a related field.[2] *Id.* at *7. Under the applicable standard of law, we stated the following:

> While Dr. Oppenheimer does not practice in the same subspecialties as the defendant physicians, *i.e.*, general surgery and anesthesiology, the care at issue was the proper restraining of a patient during surgery, something with which Dr. Oppenheimer is experienced and knowledgeable.

*Id.* at *8. We reversed the trial court's order and remanded the case with instructions. *Id.* at *10. We note that the trial court did not receive a copy of this memorandum, decided January 22, 2021, until sometime between November 2023 and January 2024—after trial. *See* N.T., 1/31/24, at 10, 19.

---

[2] Pursuant to the Note to Rule 1042.3(a)(1), an appropriate licensed professional is someone who meets the qualifications for a testifying expert pursuant to section 512 of the MCARE Act. The act provides the qualifications necessary to testify to standard of care. *See* 40 P.S. § 1404.512(b), (c), (e). We found Dr. Oppenheimer to meet the qualifications. *Joyner I*, at *9.

- 3 -

After various motions and other filings, and several rescheduled dates, a jury trial was scheduled for October 23, 2023. Immediately prior to the start of trial, the court addressed defense motions *in limine*. N.T., 10/23/23, at 14-33. Relevantly, Appellants "[sought] to restrict Dr. Oppenheimer's testimony as he's unqualified under the M Care Act regarding the qualifications of a plaintiff's expert on the issue of standard of care in a medical malpractice case." *Id.* at 15-16. After a brief recess, the court questioned Appellants about the previous appeal to the Superior Court, *i.e.,* ***Joyner I***. The relevant exchange is as follows:

> COURT: And the Superior Court remanded it for what reason?
>
> [APPELLANTS' TRIAL COUNSEL]: The Superior Court remanded it because the Order that was entered by the Trial Court essentially did not allow enough period of time for Ms. Joyner to enter the -- to file the statement. The Court found that the Court –
>
> THE COURT: The Certification?
>
> [COUNSEL]: Yes -- well, the statement in support of the certification. Because Ms. Joyner was proceeding *pro se*. The Rule requires a *pro se* to file a statement supporting the certification.
>
> THE COURT: Right. But had nothing to do with the Second Amended Complaint?
>
> [COUNSEL]: ***No, did not have to do with the four corners of the legal pleadings.*** Correct.

N.T., 10/23/23, at 31-32 (emphasis added). Counsel for Appellee said nothing at this time to correct or supplement the trial court's understanding of this Court's memorandum.

The trial court denied Appellants' motion to exclude Dr. Oppenheimer's testimony. *Id.* at 44. However, prior to Dr. Oppenheimer testifying in front of the jury, a *voir dire* examination was conducted to determine if he was qualified to opine as an expert on the standard of care regarding the proper positioning of a patient during surgery to prevent nerve damage. N.T., 10/24/23, at 7-25. Ultimately, the court decided to limit his field of expertise, stating that he is "a neurosurgeon qualified to offer causation opinions as to injuries related to compression of the peroneal nerve." *Id.* at 61. Dr. Oppenheimer was specifically warned by the court that he may not opine on any standard of care issues, and he complied. *Id.* at 62.

At the conclusion of the jury trial, Appellants moved for a compulsory nonsuit pursuant to Pa.R.C.P. 230.1 since no plaintiff expert could present standard of care testimony—a required element of the cause of action.[3] The trial court entered an order granting the motion on November 7, 2023. Tr. Ct. Order, 11/7/23, at R.R.348a. Appellee timely filed a motion for post-trial relief seeking removal of the nonsuit and a new trial. The motion stated in relevant part,

---

[3] On motion of a defendant, the trial court may enter a nonsuit on a cause of action if the plaintiff has failed to establish a right to relief at the close of the plaintiff's case. Pa.R.C.P. 2301.1. To establish a cause of action for medical negligence, a plaintiff must show, *inter alia*, that the physician breached a duty owed to the patient—that the physician's conduct fell below the standard of care. *Mazzie v. Lehigh Valley Hosp. Muhlenberg*, 257 A.3d 80, 87 (Pa. Super. 2021). Since no standard of care testimony was permitted in the trial, the trial court agreed that Appellee had not established a right to relief.

1. The trial court erred in precluding Plaintiff's expert from testifying as to the standard of care. Because of this error, Plaintiff respectfully requests this court remove the nonsuit pursuant to Pa.R.Civ.P. 227.1(a)(3).

Plaintiff's Post-Trial Motion, 11/1/23, at R.R.351a.

Appellants filed an answer to the post-trial motion on November 20, 2023. *See* Answer to Post-Trial Motion, at R.R.355a. On January 31, 2024, the trial court held a hearing on the motion. Counsel for Appellee argued at the post-trial hearing—for the first time—that this Court's memorandum on the first appeal, *Joyner I*, had already concluded that Dr. Oppenheimer was qualified to testify as an expert on the standard of care in the positioning of a patient during surgery. Appellee's counsel argued that a new trial was warranted including Dr. Oppenheimer's testimony. N.T., 1/31/24, at 6. The trial court acknowledged that it had not received a copy of the Superior Court memorandum in *Joyner I* at the time of its ruling on the scope of Dr. Oppenheimer's testimony and would have made a different decision if it had. N.T., 1/31/24, at 10; 20. The trial court also pointed out that neither party's trial counsel addressed the holding of the Superior Court's memorandum with the trial court at that time. N.T., 1/31/24, at 9-10, 23.

Appellee's counsel argued that opposing counsel's failure to disclose to the tribunal the controlling legal authority was a violation of the rules of conduct and further moved for sanctions. N.T., 1/31/24, at 9. Appellants' counsel argued that their trial counsel did not mislead the court or conceal any information, and that trial counsel for the Appellee should have been

aware of the Superior Court's memorandum and had an obligation to Appellee to bring it to the court's attention. N.T., 1/31/24, at 16, 18.

Following the hearing, the trial court granted Appellee's motion as to removing the nonsuit and ordering a new trial, but denied the motion for monetary sanctions. Tr. Ct. Order, 1/31/24, at R.R.388a. Appellants filed a notice of appeal on February 13, 2024, and a Rule 1925(b) concise statement on March 6, 2024. On April 26, 2024, the trial court filed its 1925(a) opinion. This appeal follows.

> Appellants raise the following issues for our review:
>
> A. Did the trial court err in removing the nonsuit in favor of the hospital defendants, and ordering a new trial where the basis upon which the trial court issued its order was waived by plaintiff?
>
> B. Did the trial court err in removing the nonsuit in favor of the hospital defendants, and ordering a new trial where, following his *voir dire* during trial, the trial court had properly precluded plaintiff's expert from presenting standard of care opinions based upon the expert's lack of qualifications?
>
> C. Did the trial court err in removing the nonsuit in favor of the hospital defendants, and ordering a new trial where the trial court improperly held, post-trial, that plaintiff's expert was qualified to render standard of care opinions based solely upon this Court's prior determination that his report was sufficient to meet the requirements of the certificate of merit rules?

Appellants' Br. at 3 (capitalization omitted).

Our standard of review of an order granting or denying post-conviction relief is limited to examining whether the court's determination is supported by evidence of record and whether it is free of legal error. ***Commonwealth***

***v. Cobbs***, 759 A.2d 932, 934 (Pa. Super. 2000), appeal denied, 775 A.2d 801 (Pa. 2001). When reviewing an order granting a motion to remove a compulsory nonsuit, an appellate court will reverse if the trial court abused its discretion or made an error of law. ***Brinich v. Jencka***, 757 A.2d 388, 402 (Pa. Super. 2000), appeal denied, 771 A.2d 1276 (2001). The grant of a nonsuit is proper where, having viewed all evidence in the plaintiff's favor, the court determines that the plaintiff has not established the necessary elements of his cause of action. ***Id.***; ***see*** Pa.R.C.P. 230.1.

Appellants' first argument in their brief and at oral argument concerns waiver. Specifically, Appellants contend that the trial court's reason for granting removal of the nonsuit and a new trial was based on this Court's decision in ***Joyner I***, but that Appellee failed on multiple occasions to apprise the trial court of that decision. Because Appellee had multiple opportunities to bring ***Joyner I*** to the trial court's attention but did not do so until her brief in support of her post-trial motion, the issue was waived for post-trial relief and subsequent appellate review. Appellants' Br. at 11-16.

It is well-settled that issues not properly preserved at trial are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). Raising an issue for the first time in a post-trial motion is insufficient to satisfy the appellate rules. ***See Reilly by Reilly v. SEPTA***, 489 A.2d 1291, 1300 (Pa. 1985). "In order to preserve an issue for appeal, a litigant must first make a timely, specific objection at trial and must raise the issue on post-trial

motions." *Id.* at 1296. "Issues not preserved for appellate review should not be considered by an appellate court even though the error involves a basic or fundamental error." *Commonwealth v. Wood*, 833 A.2d 740, 748 (Pa. Super. 2003).

Instantly, Appellants are correct that Appellee did not cite the Superior Court's memorandum as a basis for, or in support of, her argument that Dr. Oppenheimer was qualified to testify on standard of care until her brief in support of her post-trial motion. Although the issue of whether Dr. Oppenheimer was qualified to testify as an expert as to standard of care had been raised prior to and during trial, Appellee's counsel had an obligation to make the trial court aware of the pertinent legal authority supporting Appellee's position on that issue.

Prior to trial, counsel for Appellants filed a motion *in limine* to exclude Dr. Oppenheimer's testimony on standard of care.[4] Appellee's answer does not cite *Joyner I*. *See* Answer, 9/29/23, at R.R.257a; 263a. While hearing arguments on the Appellants' motion *in limine*, the trial court asked Appellants, "the Superior Court remanded [this case] for what reason?" N.T., 10/23/23, at 31. It is unclear to this Court why the trial court was unaware of

---

[4] We remind counsel that the Rules of Professional Conduct require that "[a] lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel" and that this duty "continue[s] to the conclusion of the proceeding." Pa. R.P.C. 3.3(a)(2), (c).

the full contents of our memorandum until after trial. *See* N.T., 1/31/24, at 19. Nonetheless, after a brief discussion with Appellants' trial counsel, the trial court accepted counsel's representation of our *Joyner I* memorandum.[5] *See* N.T., 10/23/23, 31-32. Appellee's trial counsel should have known about our memorandum and, in that moment, should have clarified any ambiguity with regard to Appellants' trial counsel's representation of our *Joyner I* decision, or the trial court's understanding of the same. Instead, Appellee's trial counsel remained silent on *Joyner I*. N.T., 10/23/23, at 24, 32-33.

At trial, when the court ultimately limited Dr. Oppenheimer's testimony to exclude standard of care, counsel for Appellee failed to preserve the issue by contemporaneously placing a specific objection on the record. Moreover, Appellee's counsel again did not mention this Court's pertinent discussion in *Joyner I*. N.T., 10/24/23, at 53. After trial, Appellee raised the issue of Dr. Oppenheimer's qualifications in her post-trial motion, as stated above, but did not cite *Joyner I* as a basis for her argument until her brief in support of her post-trial motion.

---

[5] Appellee argues that Appellants' trial counsel exhibited a lack of candor in violation of Pennsylvania Rule of Professional Conduct 3.3. Appellee's Br. at 10-15. The trial court also states in its 1925(a) opinion that it is "chagrined at Appellant's lack of complete candor." Tr. Ct. Op. at 4. While we will not comment on the motivations for Appellants' counsel's description of *Joyner I*, we note that counsel's omission of this Court's standard of care analysis when describing our memorandum to the trial court is troubling. Equally troubling is that neither the trial court nor Appellee's trial counsel seemed to have read *Joyner I* prior to trial.

"The trial court must be given the opportunity to correct its errors as early as possible." **Commonwealth v. Miller**, 80 A.3d 806, 811 (Pa. Super. 2013). Since Appellee failed on several occasions to include **Joyner I** in her argument or to apprise the trial court of the same, the trial court was deprived of the opportunity to timely correct any error. Accordingly, this issue[6] was not preserved and is therefore waived.

Order removing nonsuit and granting new trial reversed. Matter is remanded for reinstatement of nonsuit in favor of Appellants. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2025

---

[6] We note that if this issue had been properly preserved, we would have affirmed on the merits and agreed with the trial court and Appellee that Dr. Oppenheimer was qualified to opine on standard of care at trial for the same reasons we found his report satisfied the requirements for the certificate of merit in **Joyner I**.